IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DOROTHY ANN WASHINGTON                                  PLAINTIFF

v.                                                          No. 2:06CV25-M-A

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.                                       DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the March 23, 2007, motion [19] by the defendants for summary judgment in this *pro se* case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* The plaintiff has not responded, and the time for response has expired. For the reasons set forth below, the defendants' motion shall be granted and the instant case dismissed as untimely filed.

### Factual Allegations

In her complaint, the plaintiff states that she resigned from her job with the Mississippi Department of Corrections ("MDOC") due to illness, but when she applied to be rehired in February 2004, six months after resigning, she was disapproved for rehire. She alleges that her illness was the result of sexual harassment and other job related problems – and that she was denied re-employment in retaliation. The plaintiff states that other employees who have voluntarily resigned from MDOC have been rehired by the agency.

According to the exhibits attached to the complaint, the Social Security Administration found that the plaintiff became disabled on June 1, 2003 and became eligible for benefits in November 2003. (page 9 of Plaintiff's Complaint). She resigned from her position with MDOC

on June 18, 2003 and filed a claim for unemployment benefits with the Mississippi Employment Security Commissioner (MESC) on September 14, 2003. On September 29, 2003 the MESC claims examiner denied Washington benefits after finding that she left her employment voluntarily and without good cause. This decision was upheld by a Board of Review and both the Sunflower County Circuit Court and the Mississippi Court of Appeals affirmed the decision to deny Washington benefits. (page 25 of Plaintiff's Complaint).

In February 2004, the plaintiff submitted a job application for re-employment with MDOC. On February 26, 2004, Ruth Grays-Washington, Personnel Office Director at the Mississippi State Penitentiary, sent the plaintiff a letter informing her that her application for re-employment had been denied. (page 10 of Plaintiff's Complaint). Almost a year later, on January 26, 2005, the plaintiff appealed MDOC's decision not to rehire her to the Mississippi Employee Appeals Board ("MEAB"), which dismissed the appeal on April 19, 2005, for lack of jurisdiction. (page 15 and 19 of Plaintiff's Complaint). On August 13, 2004, the Social Security Administration sent a letter to Jamie Washington informing her that Dorothy Ann Washington was being granted disability benefits and that she, Jamie Washington, had been chosen as her representative payee and that she was to use the money for Washington's needs. (page 9 of Plaintiff's Complaint).

In January 2006, nearly two years after her application for re-employment had been rejected – and over 180 days after her MEAB appeal was dismissed – Washington filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) alleging that she had been denied re-employment "in retaliation for having made complaints in the past . . . ." On January 26, 2006, the EEOC sent Washington a letter notifying her that she had waited too long

to contact the EEOC about her complaint. (page 8 of Plaintiff's Complaint). The EEOC did not issue her a Right-to-Sue letter, but told her that in order to proceed she must contact the office with additional information or inform them that she wanted to proceed with the charge without providing additional information before a right-to-sue letter would be issued. The letter stated that if the plaintiff pursued the charge that it would be recommended for dismissal without investigation, but that a right-to-sue letter would be issued. Washington did not attach a right-to-sue letter to her complaint, but states that one was issued on February 14, 2006. Washington filed her pro se complaint with this court on or about February 20, 2006.

## Statute of Limitations

Washington's application for re-employment was rejected on February 26, 2004, and her MEAB appeal was dismissed for lack of jurisdiction on April 19, 2005. She file her complaint with the EEOC in January 2006.

> Timeliness of a charge filed with the EEOC is determined in the following manner:
>
> A charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred ..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed [with the EEOC] by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred.

42 U.S.C. § 2000e-5(e)(1); *see also*, *Webb v. Cardiothoracic Surgery Associates of North Texas, P.A.,* 139 F.3d 532, 537 (5th Cir. 1998).

Using the 300-day portion of the rule, the instant charge was filed too late. The date starting the 300-day clock running is February 26, 2004, the date that Ruth Grays-Washington,

Personnel Office Director at the Mississippi State Penitentiary, sent Washington a letter informing her that her application for re-employment had been denied. Adding three days for mailing to the plaintiff moves the initial date to Sunday, February 29, 2004. The next business day was March 1, 2004. The court shall use this date as the starting point. Counting three hundred days from March 1, 2004, the deadline for the plaintiff to file a charge with the EEOC would have been Sunday, December 26, 2004. That would move the deadline to the next business day – Monday, December 27, 2004. The plaintiff filed her charge with the EEOC sometime in January 2006. The court will give the plaintiff the benefit of the doubt and assume for the purposes of this opinion that she filed her charge on January 2, 2006. Thus, the plaintiff filed her charge with the EEOC 371 days after the December 27, 2004, deadline for filing expired. As such, the instant case must be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of July, 2007.

                                        **/s/ Michael P. Mills**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**